THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN HOY, Respondent, v. CHARLES H. MILLS and Others, Constituting the Board of Excise Commissioners of the City of Albany, Appellants.

*Excise commissioners — may refuse a license upon the ground that a sufficient number of licenses have been granted, or that the premises are used for immoral purposes.*

A board of excise has a right to limit the number of places which it will license for the sale of liquor in a specified territory, and its refusal to grant a license, upon the ground that there are a sufficient number of places already licensed within the specified territory, should be sustained upon appeal, unless the court is satisfied that the ground stated is a subterfuge and does not constitute the real reason for their refusal.

The fact that an applicant for a license is not, in the opinion of the board, a man of good moral character, and that the board is convinced that the premises in question are used for immoral purposes, constitute sufficient grounds for a refusal, upon the part of excise commissioners, to grant a license.

APPEAL by Charles H. Mills and others, from an order of the Albany County Court, entered in the office of the clerk of the county of Albany on the 15th day of November, 1895, determining that the application of the relator for a hotel license had been arbitrarily denied by them without good and valid reasons, and directing them to grant said application of the relator for a hotel license in the city of Albany, New York.

*Richard O. Bassett*, for the appellants.

*George H. Stevens*, for the respondent.

PER CURIAM:

The relator in this case made an application for a hotel license. After the hearing of such application, upon which much testimony was taken, the defendants adopted the following resolution :

"*Resolved*, That the application of John Hoy, for a hotel license, at the premises 334 Broadway, is hereby rejected and a license refused, for the reason that, considering the rights and interests of the property owners and residents of the neighborhood, and the number of existing licensed places in the vicinity of the place for which a license is sought, the commissioners of excise are satisfied that there is no immediate necessity or convenience to be served in granting such an application at this time; and on the further ground that said Hoy is not a man of good moral character approved by the board ; that this board is convinced that the premises for which a license is asked has been kept by said Hoy for a long period of time as a place for persons to visit for unlawful sexual intercourse, and as such is a nuisance to the neighborhood and the city."

We think that the board of excise has the right to limit the number of places at which they will license the sale of liquor in a specified territory, and that a refusal to grant a license upon the ground that there are a sufficient number of places already licensed within such specified territory should be sustained, unless the court is satisfied that such ground is a subterfuge, and does not constitute the real reason for their action.

The other grounds for the refusal to grant the license, *i. e.*, the immoral character of the applicant and the uses to which he per-

mitted his place to be put during his occupancy of it, we think were sustained by the evidence taken by and before said commissioners, and afford good and valid reasons for the refusal of the defendants to grant the license asked for.

For these reasons the order of the County Court should be reversed, and the decision of the commissioners affirmed, with fifty dollars costs and disbursements.

